[No. 19157. Department One. September 3, 1925.]

FRANK PATON, *Respondent,* v. A. C. EDWARDS, *Appellant.*[1]

APPEAL (413)—REVIEW—VERDICT. A verdict will not be disturbed on appeal where it cannot be said that the issues could be determined by the court as a matter of law.

Appeal from a judgment of the superior court for Snohomish county, Bell, J., entered October 16, 1924, upon the verdict of a jury rendered in favor of the plaintiff, in an action in tort. Affirmed.

*A. C. Edwards, pro se.*

*E. C. Dailey* and *A. E. Dailey,* for respondent.

PARKER, J.—The plaintiff, Paton, commenced this action in the superior court for Snohomish county, seeking recovery for personal injuries claimed by him to have been the result of the alleged negligent driving of an automobile by the defendant, Edwards. A trial in that court sitting with a jury resulted in a verdict awarding to the plaintiff recovery in the sum of $400. A judgment was rendered thereon accordingly, from which the defendant has appealed to this court.

The only question we are called upon to here consider is whether or not the evidence introduced upon the trial is sufficient to sustain the verdict and judgment; appellant having by appropriate motions timely challenged the sufficiency of the evidence, which mo-

[1]Reported in 238 Pac. 913.

tions were by the trial court overruled. We have read all of the evidence with painstaking care, and deem it sufficient to say that we cannot see our way clear to decide, as a matter of law, that either the question of appellant's negligence or respondent's contributory negligence was other than a question for the jury to decide. It might be that were we triers of the facts we would not arrive at the same conclusion as the jury did. We do not feel privileged, however, to enter that field of inquiry, and since we cannot see that either of those questions could be determined as a matter of law, the judgment must be affirmed. It is so ordered.

TOLMAN, C. J., MITCHELL, BRIDGES, and ASKREN, JJ., concur.